### THOMAS DEMPSEY *v.* DAVID S. PAIGE.

In an action for slander, it is not competent for the defendant to show that the words were, in fact, used in reference to acts of the plaintiff not amounting to the degree of guilt imputed, unless it be also proved that the slanderous expressions were accompanied by other language limiting their natural import, or were spoken in such circumstances as indicated to the hearers that the words were employed in reference to conduct of the defendant which were not criminal.

A demand for a jury, in the Marine Court, must be before an order is made for an adjournment, after joining issue.

*Held*, as often heretofore, 1, that this court on appeal will not interfere where there is a conflict of testimony, except in cases of evident mistake, prejudice, passion or partiality; and 2, that a defendant sued upon a warrant, in one of the lower courts, waives irregularities in the process, by joining issue upon the merits.

ACTION for slander. The plaintiff brought his suit in the Marine Court upon a warrant, and recovered a judgment, which the defendant prosecuted for a review in this court.

The first ground of appeal was, that the warrant was issued unsupported by a proper affidavit. The appellant answered below, without raising this objection.

The second ground of appeal was, that the justice had erred in denying the defendant's demand for a jury. The demand was not made until the appearance of the parties upon an adjourned day, issue having been joined on the return of the summons.

The third ground of appeal was, that the judgment was against the weight of the evidence.

And the final ground of appeal related to a rejection of testimony offered by the defendant. The plaintiff's case was, that the defendant, in presence of the witness and seven or eight others, said to the plaintiff, upon the two meeting in a street, "Here you are again; plaintiff said Yes, and was moving off; defendant asked him, How dare you come here after the way you have used the men? plaintiff said, You look to

your business and I will to mine; defendant replied, How
dare you come around here, you damned Irishman—you
damned thief? plaintiff said he was not a thief; defendant
replied, You will steal any thing you can lay your hands
on; you had better keep from around here." The plain-
tiff was a master mechanic. The defendant offered testi-
mony to the effect, that the plaintiff had been working
upon a building under a contract with him; that he had
omitted and neglected to perform his contract, and had
drawn more money than was due to him; and that any
words used by the defendant were solely in relation to those
facts. The offer was rejected.

*William B. Wedgwood*, for the defendant.

*Solomon C. Noble*, for the plaintiff.

By the Court. Daly, J.—The defendant waived any ob-
jection to the regularity of the warrant by joining issue upon
the merits. (*Sperry* v. *Major*, 1 E. D. Smith, 361; *Bray* v.
*Andreas*, id. 390.)

To entitle a defendant to a jury it is required, by statute,
that he shall demand one " before an order is made for an ad-
journment, after joining issue." The demand in this case
was not made until after issue joined, and after the cause was
adjourned, when the parties appeared upon the adjourned day
for trial. It was then too late.

Where there is a conflict of evidence, we do not interfere
with the finding of the justice, unless the evidence be of such
convincing character as to lead to the conclusion that the
justice must have been influenced by prejudice, partiality or
passion, or has manifestly neglected, through mistake, to de-
liberate upon the whole of the testimony.

The evidence offered was properly rejected. The offer was
not to prove that any thing was said in the conversation in
which the alleged slander was uttered to modify the import
of the slanderous words, or that any thing more was said in
that connection than already appeared, but that only the con-

versation related to the acts of the defendant in violating his contract, and receiving more money than was due. Such proof amounted to nothing, unless the defendant also showed, that in the conversation itself such explanation was made by the defendant as limited the meaning of the slanderous words to those acts, and showed that the words, though in themselves denoting criminality, were used in a sense and in a connection indicating that no criminal imputation was intended; and this the defendant did not offer to show. The judgment should be affirmed.

Judgment affirmed.